COPY

MARK D. BRUTZKUS - Bar No. 128102
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099
Email: mbrutzkus@ebg-law.com

Attorneys for Plaintiff
TURN ON PRODUCTS, INC.

FILED
2010 APR 26 PM 2:05
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TURN ON PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOULEVARD APPAREL INC. and JOHN DOES 1-10, <br><br> Defendants. | Case No. CV10-03112-CAS (RCx) <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMAND |

Plaintiff Turn on Products, Inc. by its attorneys, Ezra Brutzkus Gubner LLP, for its Complaint against Defendants Boulevard Apparel, Inc. and John Does 1-10 (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. §§ 1114 and 1125 and the common law, and is for trademark infringement and unfair competition under federal and state law, and trademark dilution under federal law, and trademark and trade dress infringement under the common law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338 and 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The Defendants are transacting and doing business within this judicial district, are committing the acts complained of herein within this judicial district, and are subject to the jurisdiction of this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## THE PARTIES

### Plaintiff

3. Turn On Products, Inc. is a corporation organized and existing under the laws of the State of New York having a place of business at 263 West 38th Street, New York, New York 10018.

### Defendants

4. Upon information and belief, Defendant Boulevard Apparel, Inc. ("BAI") is a corporation organized and existing under the laws of the State of Delaware with a place of business at 1375 East 6th Street, Unit 5, Los Angeles, California 90021.

5. Defendants John Does 1-10 are unknown distributors and retailers who are offering for sale and are selling goods that infringe TOP's ALMOST FAMOUS trademark.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### TOP and Its Trademark

6. Commencing in 2002, long prior to the acts of the Defendants complained of herein, TOP adopted and began using in commerce its ALMOST

201626

FAMOUS trademark on and in connection with junior sportswear, namely, slacks, pants, tank tops, shorts, vests, jackets blazers, blouses, t-shirts, dresses, and skirts.

7. TOP owns U.S. Trademark Registration No. 2,602,466 for ALMOST FAMOUS for use in connection with junior sportswear, namely, slacks, pants, tank tops, shorts, vests, jackets blazers, blouses, t-shirts, dresses and skirts. TOP's registration for ALMOST FAMOUS is valid, subsisting and incontestable. A printout of TOP's registration for ALMOST FAMOUS from the United States Patent and Trademark Office's Internet database is attached hereto as Exhibit 1.

8. Since 2002, TOP has continuously used its ALMOST FAMOUS mark in commerce nationwide. Among other things, since 2002, apparel prominently bearing the ALMOST FAMOUS mark has been and continues to be sold and offered for sale nationwide by well known national retailers.

9. The goods offered and sold under TOP's ALMOST FAMOUS mark enjoy substantial sales. Since 2002, TOP has sold over two million garments bearing the ALMOST FAMOUS mark with sales in the tens of millions of dollars. Apparel offered and sold under the ALMOST FAMOUS mark is widely recognized by the purchasing public throughout the United States to be of the highest quality, which is offered and sold under superior merchandising and customer service conditions. As a result thereof, TOP's ALMOST FAMOUS mark and the goodwill associated therewith are of inestimable value to TOP.

10. By virtue of the wide renown acquired by the ALMOST FAMOUS mark coupled with the national distribution and promotion and extensive sale of the goods distributed under this trademark, the ALMOST FAMOUS mark has become famous and has developed a secondary meaning and significance in the minds of the purchasing public, such that apparel offered under or in connection with this trademark is immediately identified by the purchasing public with TOP.

///

201626

### The ALMOST FAMOUS Shorts

11. On or about February 27, 2009, TOP placed two orders with Warren Merchandising Limited ("WML"), an agent located in Hong Kong, for two styles of juniors shorts bearing the ALMOST FAMOUS mark totaling 72,008 units (collectively, the "WML PO's").

12. TOP ordered these garments (the "ALMOST FAMOUS Shorts") in order to fulfill two purchase orders placed with TOP by the TJX Companies ("TJX" and the "TJX PO's"). The TJX PO's required TOP to attach price tags to the garments, which price tags would be provided by TJX.

13. TJX provided price tags to TOP bearing TJX's MARSHALLS mark (the "MARSHALLS Tags"), and TOP forwarded the MARSHALLS Tags to WML on or about March 17-18, 2009.

14. The WML PO's required that the ALMOST FAMOUS Shorts be delivered to TOP in the United States by April 29, 2009. This deadline was necessary for TOP to meet TJX's shipping deadline.

15. As was and continues to be TOP's practice, TOP intended to inspect the ALMOST FAMOUS Shorts for quality assurance purposes upon their arrival in the United States and before their delivery to TJX.

16. On or about April 21, 2009, WML contacted TOP and informed TOP that it could not meet the April 29, 2009 delivery deadline. Because WML could not meet this deadline, TOP cancelled both of the WML PO's and instructed WML to not ship any of the ALMOST FAMOUS Shorts into the United States. Instead, WML was to await TOP's instructions as to where and to whom to ship the ALMOST FAMOUS Shorts.

17. TOP never authorized WML or anyone else to sell or ship the ALMOST FAMOUS Shorts to any person or entity in the United States.

201626

18. TOP never authorized the sale of the ALMOST FAMOUS Shorts in the United States.

19. TOP never inspected the ALMOST FAMOUS Shorts for quality assurance purposes.

**Defendants' Unlawful Activities**

Upon information and belief, some time after TOP cancelled the WML PO's, and long after TOP's adoption and use of its ALMOST FAMOUS mark, and after this mark acquired secondary meaning, BAI began offering for sale in the United States the ALMOST FAMOUS Shorts that bore the ALMOST FAMOUS mark on the garments themselves as well as on labels affixed to the garments (the "Infringing Mark") and also bore the MARSHALLS Tags, which Shorts were manufactured pursuant to the WML PO's (the "Infringing Shorts").

20. Upon information and belief, BAI sold to the Infringing Shorts to at least Bealls Inc. for sale at Bealls Outlet Stores.

21. In addition, in or about March and April 2010, BAI offered and sold on its www.blvapparel.com website tops bearing the Infringing Mark (the "Infringing Tops").

22. Upon information and belief, the Infringing Tops were manufactured in China pursuant to an order placed by TOP but cancelled by TOP due to the manufacturer's failure to timely ship the goods.

23. TOP never inspected the Infringing Tops for quality assurance purposes.

24. TOP never authorized the shipment of the Infringing Tops to the United States.

25. TOP never authorized the sale of the Infringing Tops in the United States.

201626

26. Upon information and belief, BAI purchased the Infringing Shorts and the Infringing Tops (collectively, the "Infringing Garments") from John Does 1-10.

27. TOP never authorized WML or anyone else to sell the Infringing Garments to BAI or any other person or entity in the United States.

28. TOP never authorized BAI's sales of the Infringing Garments.

29. The Infringing Garments are identical, related, complementary or similar to the garments offered by TOP under its ALMOST FAMOUS mark.

30. Upon information and belief, the Infringing Garments are being sold in stores whose merchandising and customer service conditions are inferior to the stores in which apparel bearing the ALMOST FAMOUS mark is offered and sold.

31. Upon information and belief, the Defendants commenced selling the Infringing Garments either with knowledge of or in reckless disregard for TOP's ALMOST FAMOUS mark.

32. The Defendants' sales of garments bearing infringements of TOP's ALMOST FAMOUS mark were and continue to be without TOP's permission or authority.

33. The Infringing Garments are directly competitive with the goods offered and sold by TOP under the ALMOST FAMOUS mark.

34. The Infringing Mark is identical to the ALMOST FAMOUS mark.

35. Defendants' use of the Infringing Mark is without TOP's permission or authority and such use has been and continues to be in a manner that is likely to cause confusion, mistake and to deceive.

36. Defendants' use of the Infringing Mark and sale of the Infringing Garments is likely to lead others to mistakenly believe that the Infringing Garments originate from or are in some way associated with, approved, sponsored or endorsed by, or related to TOP.

///

201626

# FIRST CLAIM FOR RELIEF

## Trademark Infringement under 15 U.S.C. § 1114(1)

37. TOP repeats and realleges the allegations of paragraphs 1 through 37 as if fully set forth herein.

38. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1114(1), and alleges the infringement of a registered trademark.

39. TOP is the owner of U.S. States Trademark Registration No. 2,602,466 for ALMOST FAMOUS.

40. The Defendants unauthorized use of the mark ALMOST FAMOUS in connection with the sale, offering for sale and distribution Infringing Garments is likely to cause confusion, mistake and deception.

41. The activities of the Defendants complained of herein constitute willful and intentional infringement of TOP's ALMOST FAMOUS mark, as such activities have the effect of creating confusion, mistake and deception. Upon information and belief, these activities were commenced and have continued despite the Defendants' knowledge that such activities are in direct contravention of TOP's rights.

42. The Defendants have willfully infringed TOP's ALMOST FAMOUS mark by distributing, offering for sale and selling the Infringing Garments in interstate commerce in this District and elsewhere. This use is without permission or authority of TOP and such use has been and continues to be in a manner that is likely to cause confusion, mistake and to deceive.

43. The aforesaid and continuing acts of the Defendants infringe TOP's registered ALMOST FAMOUS mark in violation of 15 U.S.C. §1114(1). Said continuing violation has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to TOP and its business, reputation and good

201626

1  will and has caused TOP to suffer monetary damages in an amount not thus far
2  determined.

## SECOND CLAIM FOR RELIEF

### Unfair Competition under 15 U.S.C. § 1125(a)

44. TOP repeats and realleges the allegations of paragraphs 1 through 44 as if fully set forth herein.

45. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin, false descriptions and false representations.

46. Long prior to the acts of the Defendants complained of herein, TOP extensively marketed, promoted and used its ALMOST FAMOUS mark on a nationwide basis to identify its goods and to distinguish them from those provided by others. By reason of the distinctiveness of the ALMOST FAMOUS mark, this trademark indicates to customers, potential customers and the trade that apparel offered in connection with the ALMOST FAMOUS mark is offered, provided and approved by TOP.

47. As a result of TOP's marketing, promotion and substantial nationwide sales of apparel bearing its ALMOST FAMOUS mark, the ALMOST FAMOUS mark has developed and has a secondary and distinctive meaning to customers, potential customers and the trade so that garments that are offered in connection with this trademark are known and understood to originate from or be approved by TOP.

48. Upon information and belief, Defendants have used the Infringing Mark and sold the Infringing Garments with the express intent to cause confusion

and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of TOP and to improperly appropriate TOP's valuable trademark rights.

49. Defendants' ongoing and continued unauthorized use of the Infringing Mark will cause and is likely to cause confusion, mistake or deception in the minds of the trade and purchasing public and to create the erroneous impression that Defendants' use of the Infringing Mark and the Infringing Garments is authorized, endorsed, sponsored or approved by TOP.

50. Defendants' unauthorized use of the Infringing Mark constitutes a use in interstate commerce of a false designation of origin and a false and misleading description and representation of goods in commerce, with knowledge of the falsity, which has and is likely to cause confusion, mistake and deception as to the sponsorship and approval of the Defendants' goods and commercial activities, all within the meaning and in violation of 15 U.S.C. § 1125(a).

51. Defendants' ongoing and continued unauthorized use of the Infringing Mark is causing and, unless enjoined, will continue to cause irreparable harm and damage to TOP and its business, reputation and goodwill and has caused TOP to suffer monetary damages in an amount not thus far determined.

52. Unless restrained and enjoined, the Defendants' aforesaid acts will cause TOP irreparable harm and damage for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Trademark Dilution under 15 U.S.C. § 1125(c)

53. TOP repeats and realleges the allegations contained in paragraphs 1-53 as if fully set forth herein.

54. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1125(c), and is for the

201626

dilution of famous trademarks registered in the United States Patent and Trademark Office.

55.   Garments offered and sold under the ALMOST FAMOUS mark enjoy substantial sales and are widely recognized by the purchasing public throughout the United States to be of the highest quality, which are offered and sold under superior merchandising and customer service conditions. As a result thereof, the ALMOST FAMOUS mark and the goodwill associated therewith are of inestimable value to TOP.

56.   By virtue of the wide renown acquired by the ALMOST FAMOUS mark, coupled with the national distribution and sales of the garments and services offered under that trademark, the ALMOST FAMOUS mark has become famous, and goods offered under this mark are immediately identified by the purchasing public with TOP.

57.   Long after TOP's adoption and use of the ALMOST FAMOUS mark and long after the ALMOST FAMOUS mark became famous, Defendants began using and continue to use the Infringing Mark in such a manner as to lessen the ability of the ALMOST FAMOUS mark to serve as an indicator of origin.

58.   The activities of Defendants complained of herein are willful and intentional and have caused the dilution of the famous ALMOST FAMOUS mark.

59.   Defendants' unauthorized use and continued unauthorized use of the ALMOST FAMOUS mark has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to TOP and its business, reputation and goodwill and has caused TOP to suffer monetary damages in an amount not thus far determined.

60.   Unless restrained and enjoined, the Defendants' aforesaid acts will cause TOP irreparable harm and damage for which there is no adequate remedy at law.

201626

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

61. TOP repeats and realleges the allegations contained in Paragraphs 1-59 as if fully set forth herein

62. This claim arises under the common law of this State relating to trademark infringement and unfair competition.

63. As more fully set forth above, the ALMOST FAMOUS mark has come to have a secondary meaning indicative of origin, relationship, sponsorship and/or association with TOP. As a result, the purchasing public and the trade are likely to attribute to TOP Defendants' use and sale of the Infringing Marks and the Infringing Garments as a source of origin, authorization and/or sponsorship of Defendants' goods, and therefore, to purchase Defendants' products based on that erroneous belief.

64. Upon information and belief, Defendants intentionally appropriated the ALMOST FAMOUS mark and the goodwill associated therewith with the intent of causing confusion, mistake, and deception as to the source of origin, relationship, sponsorship, and/or association of Defendants' goods, and with the intent to palm off the Infringing Garments as being authorized by TOP, and, as such, Defendants have committed trademark infringement and unfair competition under the common law.

65. The Defendants' ongoing and continued unauthorized use of the ALMOST FAMOUS mark has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to TOP and its business, reputation and goodwill and has caused TOP to suffer monetary damages in an amount not thus far determined.

66. By reason of such infringement, unfair competition and misappropriation and by Defendants' promotion and offering of garments in

201626

connection with the Infringing Marks, Defendants have caused, and unless restrained and enjoined will continue to cause, irreparable injury to TOP's reputation and goodwill and otherwise damage TOP in an amount not thus far determined.

67. Defendants' conduct in intentionally misappropriating TOP's goodwill and engaging in unfair competition is intended to wrongfully enrich Defendants and to deliberately and willfully injure TOP in wanton disregard of TOP's rights and Defendants' legal obligations. TOP is therefore entitled to an award of punitive damages in an amount of no less than $1,000,000.

68. Unless restrained and enjoined, Defendants' continuing acts of infringement and unfair competition will cause irreparable harm and damage to TOP for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, TOP respectfully requests that this Court enter a judgment against the Defendants as follows:

    A.    That Defendants and its officers, directors, partners, employees, agents, servants and attorneys and those persons in active concert or participation with them be preliminarily and permanently enjoined from:

        1.    Using the ALMOST FAMOUS mark or any colorable imitation thereof in connection with the offering, selling, advertising or promoting the sale of any goods or services, including without limitation, the Infringing Garments, or from otherwise using the ALMOST FAMOUS mark or any marks confusingly similar thereto;

COMPLAINT

201626

2. Importing, distributing, offering, selling, advertising or promoting the Infringing Garments.
3. Infringing the ALMOST FAMOUS mark;
4. Unfairly competing with TOP; and
5. Using in connection with the sale of any goods or services or the dissemination or distribution of emails or other advertising or marketing materials, a false or misleading description or representation including words or other symbols tending to deceive or cause confusion with TOP or the ALMOST FAMOUS mark.

B. That Defendants be required to account to TOP for all profits resulting from Defendants' infringing activities and unfair competition and that such award of profits to TOP be increased by the Court as provided for under 15 U.S.C. § 1117(b);

C. That TOP have a recovery from Defendants of all damages sustained by TOP resulting from Defendants' infringing activities and unfair competition;

D. That TOP have a recovery from Defendants of the costs of this action and TOP's reasonable counsel fees pursuant to 15 U.S.C. § 1117;

E. That Defendants be ordered to deliver up to TOP for destruction all of the Infringing Garments and all signs, labels, stickers, prints, packages, wrappers, receptacles, advertisements and other written or printed material in its possession, custody or control which bear the ALMOST FAMOUS mark alone or in combination with any other words, marks or other elements; and

201626

F. That TOP have all other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

Dated: April 22, 2010

EZRA BRUTZKUS GUBNER LLP

By: _____
Mark D. Brutzkus
Attorneys for Plaintiff, Turn On Products, Inc.

201626

201626

EXHIBIT 1



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Thu Apr 22 03:57:38 EDT 2010

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP] [PREV LIST] [CURR LIST]
[NEXT LIST] [FIRST DOC] [PREV DOC] [NEXT DOC] [LAST DOC]

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [ ] OR Jump | to record: [ ]   **Record 14 out of 17**

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] ( Use the "Back" button of the Internet Browser to return to TESS)

## Typed Drawing

| | |
|---|---|
| **Word Mark** | ALMOST FAMOUS |
| **Goods and Services** | IC 025. US 022 039. G & S: Junior sportswear, namely, slacks, pants, tank tops, shorts, vests, jackets blazers, blouses, t-shirts, dresses, skirts. FIRST USE: 20020101. FIRST USE IN COMMERCE: 20020101 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76159678 |
| **Filing Date** | November 6, 2000 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 19, 2001 |
| **Registration Number** | 2602466 |
| **International Registration Number** | 0898975; 0944953 |
| **Registration Date** | July 30, 2002 |
| **Owner** | (REGISTRANT) Turn On Products Inc. CORPORATION NEW YORK 263 West 38th Street New York NEW YORK 10018 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Michael B. Goldsmith |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [TOP] [HELP] [PREV LIST] [CURR LIST]

Trademark Electronic Search System (TESS)

Page 2 of 2

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY